## STEADMAN & CO. *v.* DORMINEY–PRICE LUMBER CO.

Any conflict in the evidence as to notice by the plaintiffs of defendant's inter- est in the timber, and as to what would be a reasonable time within which the timber should be cut, was a matter to be passed on by the trial judge, and there was no abuse of discretion in refusing the injunction.

Argued February 18, — Decided March 3, 1904.

Petition for injunction.     Before Judge Parker.     Coffee superior court.     October 26, 1903.

*Dart & Roan,* for plaintiffs.

*John C. McDonald* and *Quincey & McDonald,* for defendants.

FISH, P. J.  F. R. Steadman & Company, claiming to have a perfect legal title to lot number 267 in Coffee county, brought a petition under the wood-cutters' act (Civil Code, § 4927), to en- join a trespass thereon by the Dorminey-Price Lumber Company. The defendant set up a right to the timber by virtue of a convey- ance older than that under which the petitioners claimed, aver- ring that the plaintiffs were not bona fide purchasers for value, without notice of the defendant's interest. The defendant claimed under a lease dated December 13, 1889, by which Ricketson con- veyed to Bewick, of Wayne county, Michigan, the timber, logs, and growing trees on lot 267, said lease to expire in three years from the time the lessee commenced to cut the timber. There was evidence that the conveyance of the timber was subject to a

prior lease of the same timber for turpentine purposes; and that the defendant had been prevented from cutting the timber, by reason of the opposition of those holding the turpentine privilege, which was not only prior in date, but had to be exercised before the timber was cut.　There was also evidence as to the great extent of the timber owned by the defendant; as to the remoteness of that in litigation from transportation at the time of the conveyance; and much evidence as to what would have been a reasonable time in which the owner could have been expected to begin work in cutting the timber on lot 267 for sawmill purposes. It also appeared that neither the owner of the fee nor the plaintiffs had given any notice to the defendant to begin work.　On the hearing the judge refused the injunction, upon the defendant giving a bond conditioned to pay plaintiffs any damages they might recover on the final trial; whereupon they excepted.

It was for the trial judge to pass upon the disputed questions of fact, and we find·no abuse of discretion in refusing the injunction.

*Judgment affirmed.　All the Justices concur, except Simmons, C. J., absent.*